(22 Misc. Rep. 406.)

## CAMPBELL et al. v. JENNINGS et al.

(Supreme Court, Special Term, Onondaga County. January, 1898.)

1. TESTAMENTARY POWERS—CONSTRUCTION OF WILL.

The provisions of a will directing the executor to sell all the estate of the testatrix as soon as practicable, with power to confer title by his own deed, and to pay the proceeds of the sales to the legatees named, are not indefinite or uncertain; since it is plain that the executor must sell the property in order to accomplish the purposes of the will, and since it is the proceeds, and not the property, that is devised.

2. SAME—ADMINISTRATOR WITH WILL ANNEXED.

An imperative power of sale given by the will to the executor for the purpose of paying the legacies passes to, and must be exercised by, the administrator with the will annexed.

Action by Sarah A. Campbell and Laura Lawrence against Dwight P. Jennings, as administrator with the will annexed, and others, for the construction of the last will and testament of Sarah H. Coats. Dismissed.

S. Pakelinsky, for plaintiffs.
Baldwin & Magee, for defendants.

McLENNAN, J. All the material allegations of the complaint are admitted, and there is no controversy upon any of the questions of fact. They are substantially as follows: On September 20, 1894, Sarah H. Coats died, leaving an estate consisting of real and personal property, and leaving a last will and testament, in and by which the plaintiffs, Laura A. Campbell and Laura Lawrence, and the defendants Caroline M. Mattoon and Julia Regan, were named as the sole residuary legatees, and one Abner C. Mattoon was named as sole executor. The will was duly admitted to probate, and said Mattoon duly qualified as executor, and acted as such until his death. Thereafter, and on the 14th day of April, 1896, the defendant Dwight P. Jennings was duly appointed administrator with the will annexed. He duly qualified, and is now acting, as such administrator. A copy of the will is attached to and made a part of the complaint, the ninth and tenth clauses of which are as follows, and are the only parts of the will which need be considered:

Clause 9: "I hereby authorize, direct, and empower my executor, hereinafter named, to sell all of my real estate of which I may die seised or possessed, and to give all proper conveyances for that purpose, and his deed shall be sufficient to confer the title on the purchaser or purchasers thereof, and until sold to rent the same, and collect all rents of the same for the benefit of my estate."

Clause 10: "I authorize and direct my said executor to sell all the real estate and personal property of which I may die seised or possessed, and not specifically bequeathed by the first, second, third, fourth, and fifth clauses of

this will, as soon as practicable after my death, either at private or public sale, in his discretion; and after paying all my just debts, funeral expenses, and the expense of executing this, my will, to pay over the rest, residue, and remainder to the legatees hereinafter named, as hereinafter devised and bequeathed."

By the subsequent provisions of the will such residue and remainder was devised to the four legatees above named, substantially share and share alike.

It is then alleged in the complaint that the plaintiffs are advised that the said ninth and tenth clauses above quoted are indefinite and uncertain in their subjects and objects, and that said ninth and tenth clauses do not confer upon the administrator with the will annexed the power to sell or rent the real estate in question. The complaint contains no other allegations, and no proof is made of any other fact. Judgment is prayed for that it be adjudged and decreed that the said administrator with the will annexed has no power or authority to sell or lease or collect the rents of the real estate in question. There is no allegation or proof that the defendant Jennings, as such administrator, has sold or attempted to sell, rented or attempted to rent, any of the real estate in question, or that he has collected or attempted to collect any of the rents therefor; nor is there any allegation or proof that the plaintiffs or either of them have ever demanded or requested the administrator to act or refrain from acting in the premises, or that they or either of them are dissatisfied with or made any complaint as to the manner in which he has discharged or is discharging the duties of his office as administrator.

Held, that clauses 9 and 10 of the last will and testament of Sarah H. Coats, deceased, are not indefinite or uncertain. They contain plain and explicit directions to the executor named in the will to sell all the real estate of the testatrix as soon as practicable after her death, and to pay over the proceeds thereof, after having paid some minor legacies, to the legatees named, share and share alike. No other method is provided by which the legatees can obtain any portion of the avails of such real estate, or acquire any interest therein. By the clauses in question the executor was not authorized to sell or not to sell in his discretion, but he was directed in effect to sell immediately upon the death of the testatrix, just as quickly as practicable; and it is clear that, unless he does sell, the purpose of the will must fail, because in no other way can he distribute the proceeds of the real estate; and it is the proceeds, and not the real estate, that is devised by the testatrix.

Held, further, that the defendant Jennings, as administrator with the will annexed, is clothed with the same power and authority in the premises as was the executor named in the will; that he has full power and authority to sell and convey the real estate of which the testatrix died seised; and that it is his duty so to do, and he can be compelled so to do at the instance of any of the legatees interested. In the case of Mott v. Ackerman, 92 N. Y. 539, it is held that where a power of sale is given to executors for the purpose of paying debts or legacies, and especially where there is an equitable conversion of lands into money for the purpose of such payment and for distribution, and the power is imperative, and does not grow out of the personal discretion confided to

the individual, such power belongs to the office of the executor, and, under the statute, passes to, and may be exercised by, the administrator with the will annexed. In the case of Underwood v. Curtis, 127 N. Y. 523, 28 N. E. 585, it is held, where executors are clothed with the power and it is made their imperative duty to sell a testator's real estate, and distribute the proceeds in the manner provided by the will, the real estate will be deemed converted into personalty. There is nothing to indicate that the administrator with the will annexed in this case desires to have the will construed, or that he is not fully advised as to his duty in the premises. There is no difficult or uncertain question of law involved, as applicable to the undisputed facts in this case. It follows that the plaintiffs' complaint should be dismissed, and judgment is ordered accordingly, with costs to the defendants to be taxed.

Complaint dismissed, with costs.